Roberts Electric Supply Company *v.* Crouthamel et al., Appellant.

464

Argued October 2, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Henry Gouley,* and with him *David B. Zoob,* for appellant.

*George F. Lowenthal,* of *Horton & Lowenthal,* for appellee.

OPINION BY CUNNINGHAM, J., December 12, 1929:

Plaintiff entered a judgment against defendant, trading as Hulley Electric Company, on January 22, 1929, for want of an affidavit of defense to its action of assumpsit for the price ($228.37) of ten electric fans, alleged to have been sold and delivered to defendant on July 11, 13 and 21, 1928, and issued execution thereon. Defendant obtained a rule to open and now appeals from an order of the municipal court dis-

charging his rule. When the depositions were taken appellant sought to excuse his failure to file an affidavit of defense by stating that he was unable to get into communication with his attorney. There was no evidence that his attorney was absent from his office for any unusual period of time and no convincing reason was shown for his failure to give or send the summons and statement to counsel in ample time for the preparation of an affidavit of defense. The defense on the merits set up in the petition to open, and amplified in appellant's deposition, was, in substance, that he had purchased the fans as supervising manager of Hulley Electric Company, Inc., a corporation, and that they should have been charged to that company.

An examination of the pleadings and depositions discloses these material facts: For some years prior to April 1, 1928, Hulley Electric Company, Inc., was engaged in the electrical contracting business at 4650-52 Paul Street, Philadelphia, and appellant had been employed as its supervising manager since April, 1926. Upon the death of its president in April, 1928, plans were discussed for the completion of its existing contracts and the winding up of its affairs. On May 1, 1928, several months before the goods were purchased, appellant filed in the office of the prothonotary of Philadelphia County a certificate of registration under the Fictitious Names Act, stating that he was carrying on and was the sole person interested in an electrical engineering and contracting business under the name and designation of "Hulley Electric Company" at 4650-52 Paul Street—the address of the corporation.

The fans seem to have been ordered on forms of the corporation but were charged to Hulley Electric Company and delivered at 4650-52 Paul Street. Appellant testified that he remained in the employ of the corporation until August 3, 1928, and then began business for himself at 4636-38 Paul Street. In his petition

to open appellant averred that he was not then, and never had been, a stockholder or officer of the corporation; upon cross-examination he admitted that he had been, and still was, a stockholder in and secretary of the corporation which has not yet been dissolved. He also admitted that he had received several letters from counsel for plaintiff addressed to Hulley Electric Company at 4650 Paul Street and requesting payment, but had raised no question about the propriety of charging the goods in the fictitious name adopted and filed by him until after execution had been issued. His explanation of the filing of the certificate was that it had been suggested that the corporation might have someone else complete its contracts and he wanted to be in position to start business for himself at its address when he would be no longer needed by the corporation but, when the corporation decided to finish its contracts, he remained as an employe until August 3, 1928. The president of the corporation, who had served since April, 1928, testified that he had no knowledge of the transaction here involved or the filing of the certificate by appellant. The only duty devolving upon us in this appeal is to determine whether the discretion vested in the court below in the exercise of its equitable jurisdiction has been abused. As appellee called no witnesses the chancellor was not called upon to deal with conflicting evidence but rather with the credibility of appellant and the inferences to be drawn from his testimony. In his opinion he remarked that he was not favorably impressed by appellant's testimony "in his attempt to show he had a real defense."

We do not disturb the conclusions of a chancellor unless it is clearly shown that a mistake in fact or law has been committed. Upon a consideration of the entire record we are not persuaded that the discretion of the court below was improperly exercised.

Order affirmed at costs of appellant.